# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALEXANDER R. CIFUENTES,

     Plaintiff,

     v.                            Case No.:  6:25-cv-01651-JSS-LHP

SID TOOL CO., INC.,

     Defendant,

## ORDER

Before the Court are two motions filed by Plaintiff Alexander R. Cifuentes, proceeding *pro se.*  The first is Plaintiff's Renewed Motion for Permission to Use CM/ECF For Future Filings.  Doc. No. 67.  For the same reasons previously stated (*see* Doc. No. 10), the motion (Doc. No. 67) is **DENIED without prejudice**.[1]  Plaintiff again fails to provide good cause or extenuating circumstances justifying the requested relief; the inconvenience of traveling to the courthouse is not sufficient, particularly where Plaintiff can utilize U.S. Mail for case filings.  *See Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) ("While an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is

---

[1] Plaintiff mistakenly states that the prior motion was denied as premature.  Doc. No. 67, at 1.  The Court made no such holding.  Doc. No. 10.

typically denied unless the pro se party makes a showing of good cause or extenuating circumstances justifying such relief." (citations omitted)). *See also Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at *2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025) (affirming denial of CM/ECF access to *pro se* litigants, finding that unpredictable delays and mail delivery risks, complexity of the case, and inability to obtain legal counsel did not rise to the level necessary to justify CM/ECF access). In addition, the Court has already provided Plaintiff with Notices of Electronic Filings. Doc. No. 10.

The second motion is Plaintiff's Short-Form Motion for Clarification Regarding Discovery-Related Conferrals. Doc. No. 68. The Court does not require a response from Defendant. Upon consideration of same, the motion (Doc. No. 68) is **GRANTED**. It is **ORDERED** that the Order on Discovery Motions (Doc. No. 55) is hereby **MODIFIED** in this case to reflect the accommodations previously ordered by the presiding District Judge. *See* Doc. No. 42. Thus, the parties' good-faith conferrals on discovery-related matters may be satisfied by "engaging in substantive conversations through detailed email correspondence provided that the parties allow adequate response time and refrain from issuing ultimatums." *See id.*; *see also* Doc. No. 55 ¶ 1.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties