# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALEXANDER R. CIFUENTES,

Plaintiff,

v. Case No.: 6:25-cv-01651-JSS-LHP

SID TOOL CO., INC.,

Defendant,

## ORDER

This cause comes before the Court on the following motions: Plaintiff's Renewed Motion for Protective Order and Accommodation Protocol Pursuant to Doc. 82 (Doc. No. 83), and briefing related thereto (Doc. No. 85), and Defendant's Motion to Compel (Doc. No. 96), and briefing related thereto (Doc. No. 104). The Court held a hearing on the matters on September 17, 2026. Doc. No. 105. This Order memorializes the rulings made at the hearing. In line with the format of the hearing, the Court addresses Defendant's motion to compel first.

Defendant's Motion to Compel (Doc. No. 96).

As it relates to Medical Records (Interrogatories 17–18, Requests 28–31, 51), Plaintiff's categorical objections to production are **OVERRULED**, and Defendant's motion (Doc. No. 96) **GRANTED**, as the Court finds the requested materials relevant, as limited herein. The Court narrows the production required as set forth

by Defendant in the August 6, 2026 conferral letter. *See* Doc. No. 96-6, at 5. Thus, production of medical records will include records from January 2021 through present, related to all medical providers (regardless of title) and records concerning the disabilities alleged by Plaintiff in this case and as it relates to Plaintiff's claims of emotional distress, as set forth in the second amended complaint (Doc. No. 43), and the forthcoming third amended complaint. Plaintiff will also be required to execute a release for those medical records, as set forth in Request 51. *See* Exhibit A.[1] The Court will further issue a separate Protective Order governing the exchange of confidential information in this case.

Regarding Plaintiff's Social Security Number (Interrogatory 1), Defendant's motion will be **DENIED as moot**, given that Defendant has since identified same, and Plaintiff confirmed at the hearing that the number Defendant located is correct. But Plaintiff will be ordered to produce his tax returns (Request 7) for the years 2021 through 2024.

As to Defendant's discovery requests related to Plaintiff's alleged use of artificial intelligence ("AI"), Defendant's motion will be **DENIED**, for the reasons set forth at the hearing and for Defendant's failure to adequately support the requests. And because the motion (Doc. No. 96) is granted in part and denied in

[1] Defendant submitted to the Court for review a copy of the proposed releases. Doc. No. 106-1. The Court has revised the releases to conform to the requirements of this Order, and they are attached to this Order as Exhibit A.

part, and the Court otherwise finds that the imposition of sanctions would be unjust, *see* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C), Defendant's request for sanctions for the filing of the motion will likewise be **DENIED.**

Accordingly, for the reasons stated on the record at the hearing, it is **ORDERED** as follows:

1. Defendant's Motion to Compel (Doc. No. 96) is **GRANTED in part and DENIED in part.**

2. Within **seven (7) days** of the date of this Order, Plaintiff shall execute the authorization(s) for release of his medical information and serve a copy of same on Defendant. *See* Exhibit A.

3. Within **seven (7) days** of the date of this Order, Plaintiff shall serve on Defendant complete and sworn answers to Interrogatories 17 and 18 (Doc. No. 96-3, at 24–25), limited to January 2021 through present, and limited to Plaintiff's medical providers (regardless of title) concerning the disabilities alleged in this case and as it relates to Plaintiff's claims of emotional distress, as set forth in the second amended complaint (Doc. No. 43), and the forthcoming third amended complaint. Plaintiff must include the name, address(es), and phone number(s) for each medical provider.

4. Within **twenty-one (21) days** of the date of this Order, Plaintiff shall serve on Defendant all documents in his possession, custody, and control

responsive to Requests 28–31 (Doc. No. 96-1, at 19–20), limited to January 2021 through present, and limited to Plaintiff's medical providers (regardless of title) and medical records concerning the disabilities alleged in this case and as it relates to Plaintiff's claims of emotional distress, as set forth in the second amended complaint and the forthcoming third amended complaint.

5. Within **twenty-one (21) days** of the date of this Order, Plaintiff shall serve on Defendant his tax returns for the years 2021 through 2024, as responsive to Request 7 (Doc. No. 96-1, at 12).

6. The Court will separately enter a Protective Order which shall govern the litigation of this case.

7. Defendant's motion (Doc. No. 96) is **DENIED in all other respects.**

8. **The deadlines set forth above will not be extended absent extraordinary circumstances.**[2]

9. **Plaintiff is cautioned that failure to comply with this Order may result in the imposition of sanctions.** ***See*** **Fed. R. Civ. P. 37(b).**

---

[2] As noted at the hearing, while Plaintiff has been granted an accommodation in this case such that conferrals between the parties are in writing, *see* Doc. Nos. 42, 71, Plaintiff's preference to continue conferring via email rather than in person will not provide a basis for extending deadlines.

Motion for Protective Order and Accommodation Protocol (Doc. No. 83)

Plaintiff makes several requests for accommodations related to his deposition and based on alleged disabilities related to processing. Doc. No. 83. Defendant agrees to some accommodations, but not others. Doc. No. 85. The deposition was suspended pending the Court's rulings herein. *See* Doc. No. 93, at 2.

For the reasons stated on the record at the hearing, it is **ORDERED** as follows:

1. Plaintiff's Renewed Motion for Protective Order and Accommodation Protocol Pursuant to Doc. 82 (Doc. No. 83) is **GRANTED in part and DENIED in part**.

2. Plaintiff's request that the deposition proceed by videoconference is **DENIED**. The deposition will proceed **in person** at defense counsel's Orlando Office, as previously noticed by Defendant. *See* Doc. No. 83-4, at 2.[3] The deposition is limited to a **seven (7) hour** period of actual deposition time. The deposition shall proceed on **November 4, 2026, from 10:00 a.m. to 6:00 p.m.**, subject to the conditions set forth below. If the deposition is not completed on November 4, 2026, the deposition shall continue on **November 5, 2026, from 10:00 a.m. to 6:00 p.m.**, as necessary, and subject to the

[3] As noted at the hearing and in prior orders, Plaintiff chose to file this lawsuit in the Orlando Division, Plaintiff resides in close proximity in Kissimmee, Florida, and Defendant has set the deposition for its counsels' offices in Orlando, Florida. *See* Doc. No. 82, at 3–4.

conditions set forth below.[4] Plaintiff's request to limit the deposition to four (4) hours per day is **DENIED**.

3. Plaintiff's requested accommodations (Doc. No. 83) are otherwise **GRANTED in part**, such that the following conditions will apply to the deposition:

a. The deposition will proceed with one speaker at a time, no crosstalk, at a reasonable pace, with questions repeated, rephrased, broken down, or read back as necessary, and with provision of a reasonable time to Plaintiff for answering questions.

b. The deposition shall not begin before 10:00 a.m., and shall include a lunch break. Plaintiff will also be permitted one 10-minute break every 60 minutes. **Any breaks taken will not count toward the seven (7) hours of actual deposition time**.

c. If Plaintiff requires an assistive listening device, he may bring such assistive device to deposition, but Defendant will not be required

[4] The deposition will be scheduled for November 4 and 5, 2026, at Defendant's request and without objection from Plaintiff. The Court notes that the discovery deadline is currently December 1, 2026, *see* Doc. No. 54, but defense counsel stated at the hearing that there is a potential forthcoming motion to extend the case deadlines. This Order does not speak to any such request. As noted at the hearing, Defendant proceeds at its own peril in selecting deposition dates so close to the discovery deadline. This Order will not provide good cause for the request for continuance of any case deadlines, nor may any party rely on this Order as a basis for filing any such forthcoming motion.

to provide it. Plaintiff must bear any cost for the assistive listening device, and must coordinate with Defendant and/or the court reporter as applicable to ensure the functionality of his device(s) for his deposition.

d. Plaintiff may bring a blank notepad with him to deposition. Any notes taken in the blank notepad will not be subject to discovery by Defendant. However, any exhibits or pre-written notes that Plaintiff brings to deposition and uses for answering questions are discoverable and will become an exhibit to the deposition. In other words, if Plaintiff chooses to read off any pre-printed document that he brings to deposition, said pre-printed document will become an exhibit to the deposition transcript.

e. As clarified by Defendant in conferrals and at the hearing, the participants for the deposition shall include the court reporter (likely Veritex), defense counsel (Christopher Cavaliere and/or Cooper Eisinger), and a corporate representative for Defendant. However, Plaintiff's request to prohibit Attorney Eisinger from conducting the deposition is **DENIED**, as Defendant is entitled to the counsel of its choosing. Plaintiff may also have a non-witness support person present at the deposition to take notes, help with assistive listening

devices, and/or to speak with Plaintiff during breaks.[5] However, the non-witness support person may not participate in the deposition in any way, and in particular may not participate in the handling of any exhibits nor communicate with Plaintiff during the deposition.

f. Plaintiff may request audiovisual recording of the deposition, but he must bear the cost of the audiovisual recording. Plaintiff must also coordinate with Defendant and the court reporter regarding the availability of the audiovisual recording.

4. The remaining requests set forth in Plaintiff's motion (Doc. No. 83), to the extent not explicitly discussed herein, are **DENIED**, for the reasons set forth at the hearing. Of note, as it relates to Plaintiff's request for advance production of deposition exhibits, Plaintiff provides no legal authority in support. And as it relates to Plaintiff's objections regarding medical/disability information, the Court finds this issue subsumed within the rulings on Defendant's motion to compel, as set forth above.

5. Defendant's request for fees in responding to the motion (Doc. No. 85) is **DENIED** for the reasons set forth at the hearing.

[5] As discussed at the hearing, because Plaintiff's mother is a potential witness in this case, she may not attend the deposition as Plaintiff's support person. However, as suggested by Defendant, she is free to remain outside the deposition room and speak with Plaintiff during breaks.

6. **Plaintiff is cautioned that failure to appear and participate in his deposition as required by this Order may result in the imposition of sanctions.** ***See*** **Fed. R. Civ. P. 30(d)(2), Fed. R. Civ. P. 37(b).**

As discussed with Plaintiff at the hearing, the Court notes that while the use of AI is not prohibited, Plaintiff proceeds at his own peril by using it, such that he undertakes the risks and potential consequences associated with its use. *See* Fed. R. Civ. P. 11. Plaintiff's *pro se* status does not absolve him of the requirement that he fully comply with all applicable Federal Rules of Civil Procedure and Local Rules. *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989) (*pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

As further discussed at the hearing, Plaintiff is encouraged to seek legal representation for this case. Plaintiff is also advised that the Orlando Chapter of The Federal Bar Association operates a Legal Information Program. Through that program, *pro se* litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual and in-person appointments are available every Tuesday from 11:00 a.m. to 12:30 p.m.

To request an appointment, *pro se* litigants may visit https://outlook.office365.com/owa/calendar/FederalLegalInformationClinicPublicRegistration@clsmf.org/bookings/. For assistance making an appointment, call

the Clerk's Office at (407) 835-4200 or visit the Clerk's Office check-in window. A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.

Because Plaintiff is currently proceeding without a lawyer, the Court also directs Plaintiff's attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties