# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ALEXANDER R. CIFUENTES,

Plaintiff,

v. Case No.: 6:25-cv-01651-JSS-LHP

SID TOOL CO., INC.,

Defendant,

---

**PROTECTIVE ORDER GOVERNING DISCOVERY**

For the reasons set forth at the September 17, 2026 hearing, *see* Doc. No. 105, and in the written order that followed, *see* Doc. No. 107, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect confidential information, the Court enters this Protective Order Governing Discovery ("Protective Order"). This Protective Order shall govern all party and non-party discovery in this case that may require the exchange of information that is confidential. Accordingly, it is hereby **ORDERED**:

**I. DESIGNATED MATERIAL.**

A. Any information, including, but not limited to, testimony, documents, videos or other materials produced, formally or informally, in this action and any material filed with the Court may be designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL"[1] by the "Designating Party." The term "Designating Party" is defined as the party that designates certain documents, materials, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the definitions in Sections II and III of this Protective Order ("Designated Material").

B. Designated Material shall be used exclusively for purposes relating only to this litigation and for no other purposes.

C. Counsel of record and the parties are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Designated Material.

D. To the extent the parties have produced documents or information in this litigation prior to entry of this Protective Order, the Designating Party may retroactively designate any such documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying the opposing party of such designation.

E. If a party inadvertently produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information without marking it as such, as soon as the receiving

[1] At the hearing, the Court discussed with the parties a two-tiered approach to confidentiality designations and referenced "attorneys' eyes only." The definition of "Highly Confidential" is the functional equivalent of the "attorneys' eyes only" designation as discussed at the hearing.

party receives written notice of the error, including the proper designation for such inadvertently produced material, the receiving party must treat the information as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the information that it distributed or disclosed to persons not authorized to receive such information pursuant to the terms of this Protective Order, as well as any copies made by such persons.

**II. CONFIDENTIAL INFORMATION.**

A. Information designated as "CONFIDENTIAL" shall be limited to information which has not been disclosed publicly, which the Designating Party believes in good faith must be held confidential to protect private, personal, business or commercial interests, for which good cause exists to treat as "CONFIDENTIAL" hereunder, and which is worthy of protection under Fed. R. Civ. P. 26(c).

B. Confidential Information may only be disclosed to, or examined by, the following persons:

1. The parties, solely for purposes of this action;

2. The parties' inside and outside counsel, and their employees;

3. Clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this litigation;

4. Experts retained in connection with this litigation by the parties, who have signed the "Agreement to Abide by Protective Order" (Exhibit A);

5. Persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the confidential information or document was authored by, addressed to, or received by the person or person testifying;

6. Stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in this litigation;

7. Magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this litigation; and

8. Any other person agreed to in writing by the parties or by order of the Court.

**III. HIGHLY CONFIDENTIAL INFORMATION.**

A. Information designated as "HIGHLY CONFIDENTIAL" shall be limited to information that the Designating Party believes in good faith contains commercially sensitive or proprietary information entitled to confidential treatment under governing law, disclosure of which would cause irreparable injury to the designating party if such information were publicly disclosed

B. Highly Confidential Information may only be disclosed to, or examined by, the following persons:

1. The receiving party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

2. Plaintiff, only to the extent Plaintiff is proceeding *pro se* in this action. Plaintiff shall not disclose Highly Confidential Information to any other person including any identified support person(s).

3. Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Abide by Protective Order" (Exhibit A);

4. Stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in this litigation;

5. Magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this litigation; and

6. Any other person agreed to in writing by the parties or by order of the Court.

## IV. CUSTODY OF DESIGNATED MATERIALS.

A person with custody of Designated Materials shall (1) maintain them in a manner that limits access only to those persons bound by this Protective Order and (2) use their best efforts to preserve the confidentiality of Designated Materials as provided in the Protective Order.

## V. DESIGNATING DOCUMENTS.

A. When a person producing documents, including non-parties, wishes to designate some portion of a document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order, such designation shall be made by placing an appropriate legend on each page of the document so designated prior to delivery to another party. Such legend shall be placed on the page so that it will not interfere with the legibility of material on the page. This requirement applies to documents produced in electronic form.

B. When a Designating Party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order a document produced by someone else, such designation shall be made within ten (10) days from the date that the Designating Party receives notice that possession of the document has been delivered to another party, or as soon thereafter as possible, identifying with particularity the designated documents.

## VI. DESIGNATING DEPOSITIONS.

Deposition transcripts or portions thereof may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order by a party either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Party may direct; (ii) during the course of the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Party may direct; or (iii) by captioned, written notice to the reporter and all counsel of record, within seven (7) days after the transcript is available for review by sending a written list of the pages and/or exhibits to be so marked to counsel for the other parties whereupon the party receiving such notice shall be responsible for marking the copies of the designated transcript or portions thereof in their possession or control as directed by the Designating Party. Before the expiration of the seven (7) days, the entire deposition transcript shall be treated as if it had been designated "CONFIDENTIAL." If no designation is made pursuant to this Paragraph within the seven-day period, then the deposition and deposition transcripts shall not be considered "CONFIDENTIAL."

## VII. OBJECTIONS TO DESIGNATIONS.

A. A party may challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation by serving on the Designating Party a written notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge and indicate what designation, if any, the objecting party believes is appropriate. A party may object only if it believes in good faith that the designation does not meet the standards of Sections II or III of this Protective Order.

B. If the designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is challenged, the parties shall confer within fourteen (14) business days of the date of the challenge in a good faith effort to resolve the dispute regarding the designation. If the parties are unable to resolve their dispute within this fourteen (14) day period, the Designating Party shall file a motion for a protective order with the Court within ten (10) days thereafter. The requesting party shall hold the material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless and until such time as the Court rules that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation is inappropriate.

## VIII. LIMITATIONS ON USE OF DESIGNATED MATERIAL.

Designated Materials under this Protective Order may be disclosed and used only for the purpose of litigating this proceeding, and any appeal of this proceeding,

and for no other purpose whatsoever, except with the designating party's prior written approval or as ordered by the Court.

**IX. COURT FILINGS.**

If the parties and their counsel seek to submit, present, or file with the Court any document or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (including but not limited to deposition transcripts, discovery responses, memoranda, filings and/or exhibits), such party shall file a motion requesting that the document or information be filed under seal pursuant to Fed. R. Civ. P. 26(c)(1) and M.D. Fla. Local Rule 1.11. Should the Court rule that such documents not be filed under seal, such ruling and filing will not otherwise vitiate the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, unless otherwise ordered by the Court.

**X. USE AT COURT PROCEEDINGS AND TRIAL.**

The parties shall discuss in good faith measures to be taken during pretrial and trial of the case to protect confidentiality in accordance with this Protective Order consistent with the right of the parties to present all necessary and appropriate evidence. The parties shall reasonably endeavor to prepare their cases without any unnecessary disclosure of Designated Materials. Nothing in this Protective Order, however, prevents any party from using or offering into evidence any Designated Material at any hearing, trial, or subsequent proceeding in this

litigation. Nor does this provision prevent either party from seeking the removal of protected status of any document (or other protected materials) for purposes of trial via motion to the Court and notice to the other party. This Protective Order also does not limit the admissibility of any evidence.

**XI. NO PREJUDICE.**

A. This Protective Order shall not diminish any existing obligations or right with respect to Designated Material, except as expressly provided herein, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

B. Nothing in this Protective Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the right of the parties or non-parties to assert any applicable discovery or trial privilege, including the right to object to the production in discovery, or the introduction into evidence, of testimony, information, documents, or materials based on their confidential status or on any other appropriate basis.

**XII. INADVERTENT PRODUCTION OF "CONFIDENTIAL" OR PRIVILEGED MATERIALS.**

In the event that a party produces to another party documents that are protected from disclosure—under the attorney-client privilege, the attorney work product doctrine, or other applicable privileges or doctrines—the protection is not

waived if the producing party, within a reasonable time after the date of production, notifies the receiving party in writing pursuant to Fed. R. Civ. P. 26(b)(5)(B) or 45(e)(2)(B) that such documents were inadvertently produced and are protected by an applicable privilege or doctrine. Upon receipt of such written notification, the receiving party shall return such documents to the producing party within five (5) days. Nothing in this Paragraph shall preclude the receiving party from asserting that the claimed protection from disclosure has been waived or otherwise does not apply. The mere inadvertent disclosure of such documents, however, shall not be grounds for asserting that any protection from disclosure has been waived or otherwise does not apply.

**XIII. FINAL DISPOSITION.**

Upon final termination of this lawsuit, including any appeals,

A. All Designated Materials including all copies, abstracts, summaries, documents or materials containing information taken from them shall be either returned to counsel for the Designating Party, the Designating Party if proceeding *pro se*, or destroyed.

B. All Parties or persons that received Designated Material, including witnesses, deponents, consultants and all others who received Confidential Information, shall certify, in writing, that all Designated Material in their possession has been destroyed or returned with the certification. These certifications shall be

delivered to the Designating Party within thirty (30) days after termination of the action.

**XIV. ACKNOWLEDGEMENT**

Within seven (7) days of the date of entry of this Protective Order, each Party to this case shall sign the Agreement to Abide by Protective Order attached as Exhibit A, and file a copy of same with the Court on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

**EXHIBIT A**

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she: (1) has read the Protective Order entered by the Court in 6:25-cv-01651-JSS-LHP on September 18, 2026; (2) understands the terms thereof; (3) agrees to abide by such terms; and (4) at the termination of the proceedings, will return all confidential documents, including all copies or notes thereof, to the counsel for the party that produced such documents to him or her.

____________________________ ________________________________________

DATE SIGNATURE